John D. Bennett, S.
This is a probate proceeding in which the special guardian for an infant son has filed objections to the probate, based upon his examination of the witnesses and a report to the Surrogate. The attorneys for the petitioner then filed an unusual pleading termed a reply to the report of the special guardian in which they ‘ ‘ agree with his conclusion that *1002 the purported Last Will and Testament of this decedent offered for probate by the Petitioner Margaret Clark by petition duly verified the 13th day of May, 1960 was not validly executed in accordance with Section 21 of the Decedent’s Estate Law ” and “ prays that a decree be entered dismissing the Petition and refusing probate to the purported Last Will and Testament of this decedent ”.
There is grave doubt in the mind of this court as to whether or not the testimony of the witnesses as submitted in affidavit form sustains the conclusion of the special guardian and the attorney for the petitioner that the will was improperly executed. Furthermore, the will contains an attestation clause which carries some presumption of validity. Be that as it may, the problem now before this court is the status of this proceeding. A probate is an in rem proceeding and every person taking under the will has the right and privilege to continue the proceeding (Matter of Kuebler, this court, Feb. 20, 1948). In this case this involves Alfred E. Clark, Jr., of River Edge, New Jersey; Myrtle Clark of San Diego, California, and Roy Clark of Wallaston, Massachusetts, all of whom are adults, and Alfred E. Clark, III, of River Edge, New Jersey, who is an infant and for whom a special guardian will have to be appointed. A petition for leave to abandon the probate proceeding will have to be filed, citation issued thereon and jurisdiction acquired of all these interested persons.
Furthermore, this court desires a statement from the petitioner that she wishes to abandon this proceeding as there is a doubt in the mind of the court as to whether attorneys retained to prosecute a probate proceeding have authority to make the concessions set forth in the “reply to the special guardian’s report ’ ’ to the detriment of their client.
There has, however, come to the attention of this court unofficially that the facts stated in the petition herein may be in error and that the decedent died possessed of no real property in the State of New York, instead of real property of the gross value of $20,000 as alleged in the petition. If this is true, it may well be that the only assets of this estate, to wit, $3,375 of personal property would be insufficient to meet the expense of the necessary proceedings to probate this will. In that event, the court would look with favor upon a compromise proceeding which would be agreeable to the parties.